FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARRINA W.,[1] <br><br>            Plaintiff, <br><br>            v. <br><br> COMMISSIONER OF SOCIAL <br> SECURITY ADMINISTRATION, <br><br>            Defendant. | No. 4:21-CV-05100-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are cross-motions for summary judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by Chad Hatfield; Defendant is represented by Katherine Watson and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI). After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

_____

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~1

grants Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

## I.    Jurisdiction

On September 1, 2015, Plaintiff filed an application for supplemental security income. She alleged disability beginning February 15, 2014.

Plaintiff's application was denied initially and on reconsideration. On July 19, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On March 6, 2018, Plaintiff appeared and testified at a telephonic hearing before ALJ Jesse Shumway, who presided from Spokane, Washington. The ALJ issued a decision on April 30, 2018, finding that Plaintiff was not disabled. Plaintiff appealed that decision, and the Court granted her Motion for Summary Judgment, remanding for further action. *See* 4:19-CV-05167-SAB, ECF No. 12.

On January 27, 2021, ALJ Shumway held a telephonic hearing. Plaintiff was represented by Chad Hatfield but did not participate in the hearing. Mr. Hatfield indicated that he had lost contact with Plaintiff and was unable to locate her. The ALJ concluded that Plaintiff constructively waived her appearance. Vocational expert Jeffery Tittelfitz also participated. On May 3, 2021, the ALJ issued an opinion finding Plaintiff was not disabled.

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on September 8, 2020. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3**

claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~4**

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the 2018 hearing, Plaintiff was twenty-eight. She had two children. She testified that shortly after she graduated from high school, she had surgery on her appendix. A couple of months after the surgery, she began to experience nausea, vomiting and diarrhea. At one point, she lost almost thirty pounds. She explained that she does not have an appetite because she is constantly nauseated. She also experiences migraine a couple of times a week. Sometimes she has to stay in her bedroom and her mother comes over to help her with the children. She also testified she has stabbing abdominal pain. This pain makes it difficult to sit or stand very long.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

After the hearing was held, it appears that Plaintiff attempted to work. In 2018, Plaintiff earned $10,191.27 and $10,814.64 in 2019, as well as earning $8,675 in 2020. Plaintiff did not testify at the 2021 hearing to explain why she quit working in 2020.

## V. The ALJ's Findings

The ALJ issued an opinion finding Plaintiff to not be disabled. AR 575-589. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity during the following periods: July 1, 2018 to December 31, 2018, but noted there had been continuous 12-month periods during which she did not engage in substantial gainful activity. AR 578.

At step two, the ALJ identified the following severe impairments: abdominal pain of unknown etiology, migraines, anxiety disorder, and depressive disorder. AR 579.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 581. The ALJ reviewed Listings 5.08, 12.04 and 12.06, and summarily concluded that Plaintiff's migraines did not equal any of the listings. AR 581.

Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> A full range of light work as defined in 20 CFR 416.967(b) with the following exceptions: she can frequently climb ladders, ropes, and scaffolds; she cannot have concentrated exposure to vibration, pulmonary irritants, or hazards (e.g. unprotected heights, moving mechanical parts); she is limited to a moderate noise environment; she is limited to simple, routine tasks with occasional, superficial contact with the public and coworkers; she needs a routine, predictable work environment with no more than occasional changes; and she would likely have one absence per month, on average.

AR at 582.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

At step four, the ALJ found that Plaintiff had no past relevant work. AR 588.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including electronics worker; marker; and small product assembler II. AR 588.

## VI.  Issues for Review

(1)  Whether the ALJ erred in conducting the Step Three analysis?

## VII.  Discussion

Plaintiff asserts the ALJ erred in finding that she did not meet the Listings. The ALJ summarily concluded that Plaintiff's symptoms do not medically equal any of the listings.

The listing of impairments in Appendix I "describes, for each of the major body systems, impairments which are considered severe enough to prevent a person from doing any gainful activity." 20 C.R.F. § 404.1525(a).

There is not a listing for migraines. SSR 19-4p provides that Epilepsy (listing 11.02) is the most closely analogous listed impairment for a medically-determinable impairment ("MDI") of a primary headache disorder. It noted that while uncommon a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D for dyscognitive seizures) and therefore the MDI may medically equal a listing.

SSR 19-4P notes:

Paragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, we consider: A detailed description from an AMS of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~7

headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

Paragraph D of listing 11.02 requires dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning. To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02D, we consider the same factors we consider for 11.02B and we also consider whether the overall effects of the primary headache disorder on functioning results in marked limitation in: physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.

An ALJ must adequately explain a conclusion that an impairment does not meet or equal a Listing. In "determining whether a combination of impairments establishes equivalence" under step three of the Listings, a mere statement that a claimant did not equal the listing not sufficient. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)) (holding boilerplate finding is insufficient to conclude impairment does not meet a Listing).

Here, the ALJ's failure to consider the applicable listing (11.02) for Plaintiff's migraines was legal error. There is evidence in the record that Plaintiff experiences migraines at least once a week. Also, in rejecting Plaintiff's allegations regarding her migraines, the ALJ concluded that because Plaintiff became pregnant in 2016 and decided to breastfeed, which precluded her from taking amitriptyline, the migraines could not have been disabling, even without the medication. This conclusion is based on speculation and not supported by the evidence. The Court finds that the ALJ's cursory explanation was not supported by substantial evidence.

Because the ALJ committed legal error in failing to adequately explain his conclusion that Plaintiff does not meet any Listings, it is necessary to remand this action for further proceedings.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~8**

Accordingly, **IT IS HEREBY ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2.    Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3.    The decision of the Commissioner is **reversed** and **remanded** for proceedings consistent with this Order.

4.    Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 26th day of April 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**